IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESSICA RODRIGUEZ, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | JURY DEMAND |
| FIRTH BUNN KERR NEILL, PC; | § | |
| EDWARD DEVERE BUNN, JR.; and | § | |
| ALEXANDER V. NEILL, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff JESSICA RODRIGUEZ, (hereinafter "Plaintiff"), by and through her counsel, files this Original Complaint against Defendants Firth Bunn Kerr Neill, PC ("FBKN"), Edward Devere Bunn, Jr., and Alexander V. Neill (collectively hereinafter referenced as "Defendants"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I. INTRODUCTION

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff, who was formerly employed as a paralegal by Defendant law firm FBKN under the direct supervision of managing law partners and Co-Defendants Bunn and Neill. *See* 29 U.S.C. § 216(b).

2. Defendants failed and refused to compensate Plaintiff for her overtime hours worked. As her employers, Defendants required and/or permitted Plaintiff to routinely work in excess of forty (40) hours per week but failed or refused to compensate her for all hours worked and for her overtime hours worked in accordance with the FLSA. The FLSA requires that

employees be paid for their overtime work at a rate of at least one and one-half times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a).

3. Because Plaintiff is a non-exempt, covered employee pursuant to the FLSA and has not been paid by Defendants pursuant to the overtime provisions of the FLSA, Plaintiff brings this action seeking legal and equitable relief as provided under the FLSA.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b), (c), & (d) because a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## III.     THE PARTIES

6. Plaintiff, Jessica Rodriguez, was at all material times employed by FBKN under the title of "paralegal." Plaintiff is an individual residing in El Paso, Texas. Plaintiff was, at all material times, a covered, non-exempt employee of Defendant FBKN within the meaning of the FLSA, 29 U.S.C. § 203(e), (g).

7. Defendant Firth Bunn Kerr Neill, PC, is a Texas professional corporation with its principal place of business in El Paso, TX, and doing business in Texas, which can be served with process by serving its registered agent, Edward Devere Bunn, at 311 Montana Ave., Law Center, El Paso, TX 79902, or wherever an officer of the corporation or its registered agent may be found.

8. Defendant Edward Devere Bunn, Jr. is an individual residing in El Paso, TX, who may be served with process at 6007 Pamplona Ct., El Paso, TX 79932, or wherever he may be found.

9. Defendant Alexander V. Neill is an individual residing in El Paso, TX, who may be served with process at 232 Crown Point, El Paso, TX 79912, or wherever he may be found.

## IV. COVERAGE

10. Defendant FBKN is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(b), (r), and (s).

11. At all material times, Defendant FBKN had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. *See* 29 U.S.C. § 203(s)(1).

12. At all material times, Defendant FBKN was an employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. At all material times, Plaintiff was an individual, non-exempt, salaried employee of Defendant FBKN, an entity which is covered by the FLSA because Defendant FBKN is a covered enterprise.

14. At all material times, Defendants Bunn and Neill were managing partners of FBKN, were involved in its day-to-day operations, and were directly responsible for the supervision, work assignments, and work schedule of the Plaintiff. Therefore, Defendants Bunn and Neill are employers under the FLSA and are personally liable for the FLSA violations.

15. At all material times, Plaintiff was engaged in commerce within the meaning of the FLSA.

## V. GENERAL FACTUAL ALLEGATIONS

16. Defendant FBKN owns and operates a law firm based in El Paso, TX, which operates in multiple practice areas including, but not limited to, probate, guardianship, corporate transactions, and general business litigation.

17. As a law firm based in El Paso, Texas, Defendant FBKN routinely engages in interstate commerce by (i) handling Texas-based legal matters for clients who reside in other states; (ii) receiving credit card payments from its out-of-state clients; (iii) communicating via telephone calls, text messages, and emails with its out-of-state clients; (iv) handling New Mexico-based legal matters through its managing partner/Co-Defendant Edward Devere Bunn, Jr.'s license to practice law in New Mexico; and (v) receiving and handling physical documents shipped to its El Paso office from other states.

18. Defendant FBKN hired Plaintiff in June 2021 to work as a paralegal with an annual salary of $35,000 per year. Plaintiff left the firm in December 2022, then returned in September 2023. In June 2024, Plaintiff's salary increased to $36,936 per year. Plaintiff's job duties routinely required her to implement Defendant FBKN's interstate commerce as described above. As an FBKN employee who worked in its El Paso office, Plaintiff's job duties routinely required her to (i) personally communicate via telephone calls, text messages, and emails with FBKN clients residing outside of Texas; (ii) receive and organize documents shipped to FBKN from other states; (iii) process credit card payments originating from other states; and (iv) draft and file court documents in New Mexico courts.

19. As part of her job duties, Plaintiff was routinely required to be present at FBKN's office between the hours of 8:00 a.m. and 5:00 p.m., Monday through Friday.

20. As part of her job duties, Plaintiff was required to analyze and respond to text messages and emails, seven days per week, during all waking hours, including hours before 8:00 a.m. and after 5:00 p.m.

21. As managing partners of the FBKN law firm, Defendants Bunn and Neill were each involved in the operation, policies, and procedures of FBKN including, but not limited to, the payroll procedures/policies covering Plaintiff.

22. From June 2021 through October 2024, Plaintiff was regularly required to work more than 40 hours per week without any additional compensation for time worked past 40 hours per week.

23. Defendants have promulgated policies whereby non-exempt employees are not compensated for hours worked in excess of 40 hours per week at a rate of at least one and one-half times the regular rate at which they are employed.

24. Defendants have failed to make, keep, and preserve accurate records with respect to Plaintiff, including hours worked each day and total hours worked each week, as required by 29 U.S.C. § 211(c) and supporting federal regulations.

## VII.   COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

25. The preceding paragraphs are incorporated herein as if set forth in full.

26. At all material times, Plaintiff was an employee of Defendants.

27. At all material times, Defendants, as more fully set forth above, required and/or permitted Plaintiff to work in excess of forty hours per week, but refused to compensate her for all such hours at a rate of at least one and one-half times the regular rate at which she was employed.

28. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular rate at which they are employed. *See* 29 U.S.C. § 207(a)(1).

29. Accordingly, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial.

30. Further, Plaintiff is entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff respectfully prays that this Court:

(a) issue an Order directing and requiring Defendants to pay Plaintiff damages in the form of compensation for all hours worked and premium overtime wages for all time spent in excess of 40 hours per week performing compensable work for which Plaintiff was not paid pursuant to the rate provided by the FLSA;

(b) issue an Order directing and requiring Defendants to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of overtime wages owed to her;

(c) issue an Order directing Defendants to reimburse Plaintiff for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(d) issue an Order declaring Defendants' compensation practices to be illegal and directing Defendants to comply with the FLSA;

(e) issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(f) provide Plaintiff with such other and further relief as the Court deems just and proper.

## **VIII.   DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury under Federal law.

Respectfully submitted,

CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880
Dallas, Texas 75251

By: /s/ Corinna Chandler

                                                Corinna Chandler
                                                Texas Bar No. 24061272
                                                972-863-9063 (tel)
                                                972-692-5220 (fax)
                                                chandler@chandlershavin.com

                                                **ATTORNEY FOR PLAINTIFF**