IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JESSICA RODRIGUEZ<br><br>   Plaintiff,<br><br>v.<br><br>FIRTH BUNN KERR NEILL, PC;<br>EDWARD DEVERE BUNN, JR.; and<br>ALEXANDER V. NEILL<br><br>   Defendants. | CIVIL ACTION NO. 3:25-cv-00015 |

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendants Firth Bunn Kerr Neill, PC (hereinafter as "FBKN") Defendant Edward Devere Bunn, Jr. ("Bunn"), and Defendant Alexander V. Neill ("Neill"), file this, their Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof do state as follows:

### I. GENERAL DENIAL

Defendants FBKN, Bunn, and Neill (collectively "Defendants") jointly deny each and every, all and singular, the allegations in Plaintiff's Original Complaint, and any attachments thereto, and demand strictest proof thereof.

### II. SPECIFIC DENIALS

1. Defendants admit that paragraph 1 confirms that Plaintiff brings her claims under the Fair Labor Standards Act ("FLSA"). Defendants further admit Plaintiff worked as a paralegal for FBKN for a period of time and that Mr. Neill was her supervisor. Defendants deny the remainder of her claims.

2. In response to Paragraph 2, Defendants admit that the FLSA, as summarized by

Plaintiff, requires employees be paid for their overtime work at the rate alleged. All other allegations are categorically denied.

3. Defendants deny all allegations with Paragraph 3.

4. Defendants admit that the Court appears to have subject matter jurisdiction of Plaintiff's FLSA claim as alleged in Paragraph 4.

5. Defendants admit that this Court appears to be the proper venue as alleged in Paragraph 5.

6. Defendants admit that Plaintiff was employed at certain times by FBKN as a paralegal. All other allegations in Paragraph 6 are denied.

7. Defendants admit that Paragraph 7 appears to be an accurate reflection of FBKN's principal place of business and admits that the service of process information appears to be correct.

8. Defendant Bunn admits that the information in Paragraph 8 is correct.

9. Defendant Neill admits that the information in Paragraph 9 is correct.

10. Defendants admit the allegations with Paragraph 10.

11. Defendants admit the allegations with Paragraph 11.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit that, during Plaintiff's employment with FBKN, she was an individual, salaried employee, as alleged in Paragraph 13. Defendants deny the remaining allegations embodied within Paragraph 13.

14. Defendants admit that Mr. Neill was responsible for supervision, work assignments, and work schedules of Plaintiff. Defendants deny the remaining allegations embodied within Paragraph 14.

15. Defendants admit the allegations within Paragraph 15.

16. Defendants admit the allegations within Paragraph 16.

17. Defendants admit that FBKN operates a law firm in El Paso, Texas, which firm wide represents clients in states outside of Texas. Defendants generally deny the other allegations in paragraph 17.

18. Defendant FBKN admits that Plaintiff was hired in June 2021 at the rate indicated within paragraph 18, that she left in December 2022, returned to work in September 2023 and voluntarily resigned in October 2024. Defendants deny the remaining allegations.

19. Defendants admit that the offices of FBKN were open between 8:00 am and 5:00 pm CST and deny the remaining allegations with Paragraph 19.

20. Defendants deny the allegations within Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Defendants admit that Plaintiff was employed between June 2021 and December 2022, and between September 2023 and October 2024. Defendants deny all other allegations within in Paragraph 26.

27. Defendants categorically deny all allegations within Paragraph 27.

28. Defendants categorically deny all allegations within Paragraph 28.

29. Defendants categorically deny all allegations within Paragraph 29.

30. Defendants categorically deny all allegations within Paragraph 30.

31. Defendants are not required to admit or deny allegations with Plaintiff's prayer for relief. If a response is required, Defendants deny each prayer for relief individually.

32. Defendants are not required to admit or deny Plaintiff's demand for jury trial.

33. All allegations not specifically admitted are hereby denied.

### III.   DEFENSES AND AFFIRMATIVE DEFENSES

34. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

35. Defendants would show that Plaintiff is exempt from the Fair Labor Standards Act of 1938, 29 U.S.C. § 203.

36. Specifically, the Defendants assert as an affirmative defense that Plaintiff is exempt under FLSA as Administrative; Executive; and/or Learned Professionals, under 29 U.S.C. § 203(a)(1) – and as such, is exempt from overtime pay above and beyond her standard, or contractual, hourly rate pursuant to 29 U.S.C. § 203 et seq.

37. The Complaint fails, in whole or in part, because Plaintiff's claims are barred in whole or part by the statute of limitations. For example, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255.

38. Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reasonable grounds to believe there were no FLSA violations. Defendants actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and

Hour Division of the United States Department of Labor.

39. Plaintiff has failed to state a claim upon which relief may be granted.

40. Defendants did not engage in willful conduct within the meaning of the FLSA and only a two-year limitations period is applicable.

41. Defendants specifically assert the Defenses of Offset by income or benefits received, and accord & satisfaction. Defendants further assert the defense of waiver, estoppel, unclean hands, and/or laches. The Defendants are prepared to show that the Plaintiff has already received all monies due and owing to her prior to the initiation of litigation.

42. The claims of Plaintiff are barred to the extent that she did not work more than forty (40) hours in any given workweek and, therefore, is not entitled to overtime under the FLSA.

43. In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses, which may become apparent in the course of discovery under After-Acquired Evidence.

44. Even assuming, arguendo, that the Court were to determine that Plaintiff was improperly classified as exempt, then Plaintiff's claims would still be barred, in whole or in part, to the extent that any activities that Plaintiff may have performed were (a) not compensable work; (b) preliminary or postliminary; or, (c) de minimis.

45. Defendants reserve the right to seek amendment of this answer as may be necessary in the future, including supplementation and addition of further Defenses as necessary.

## COUNTERCLAIM AGAINST PLAINTIFF
## APPLICABLE FACTS

46. Plaintiff was employed as a paralegal by FBKN between June 2021 and December 2022.

47. Plaintiff was later employed as a paralegal by FBKN between September 2023 and October 2024.

48. Prior to the initiation of the instant action, Plaintiff did not assert a claim or bring an action against Defendants under the FLSA, or under any other theory of relief, for the employment period covering between June 2021 and December 2022.

49. Between September 2023 and October 2024, Plaintiff was not paid an hourly wage by Defendants and was not required to maintain or be in the office during specified times or hours.

50. Between September 2023 and October 2024, Plaintiff frequently worked less than 8 hours per day.

51. Between September 2023 and October 2024, Plaintiff missed over 20 days of work for which she received full compensation.

52. Between September 2023 and October 2024, Plaintiff did not bill more than 40 hours of paralegal work in any given week.

53. In October 2024, Plaintiff informed Defendants of her voluntary resignation from employment and provided her two-weeks notice of her desired end date of employment.

54. On or about October 11, 2024, Plaintiff ceased working for FBKN.

55. On or about October 15, 2024, Plaintiff began employment as a legal assistant with Chavez Law, PC., which does business as Chavez Law, in El Paso, Texas.

56. Chavez Law is owned and operated by attorney Enrique Chavez, Jr.

57. At the time Plaintiff was hired by Chavez Law, Chavez Law was involved in the representation of a Plaintiff in Cause No. 2022-DCV-0861, *Estevan Cuevas vs. El Paso Outlet Center CMBS, LLC,* pending in the 41st District Court of El Paso County, Texas. Defendant in that matter is represented by FBKN.

58. When Plaintiff was employed by FBKN, Plaintiff was involved in FBKN's trial preparation and gained client confidences related to the representation of Defendant in Cause No.

2022-DCV-0861, *Estevan Cuevas vs. El Paso Outlet Center CMBS, LLC*.

59. When Plaintiff was hired by Chavez Law, Plaintiff was specifically asked by attorney Enrique Chavez, Jr. whether she had ever worked for Defendant Bunn. Plaintiff denied ever working for Defendant Bunn.

60. Due to these misrepresentations, Chavez Law Firm did not instruct Plaintiff to not work on or take any other reasonable steps to ensure that Plaintiff did not work on Cause No. 2022-DCV-0861, *Estevan Cuevas vs. El Paso Outlet Center CMBS, LLC* for which she had previously worked and gained confidences related to Defendant's trial preparation in that matter.

61. On or about January 6, 2025, based on the foregoing circumstances, Defendant Bunn filed a motion to disqualify the Chavez Law firm from representation of the Plaintiff in Cause No. 2022-DCV-0861, *Estevan Cuevas vs. El Paso Outlet Center CMBS, LLC*. This motion was subsequently granted by the Court on January 23, 2025.

62. Plaintiff's employment with Chavez Law ended in January 2025.

63. On or about January 15, 2025, Plaintiff filed the instant action against Defendants.

64. Plaintiff was aware of these facts and initiated the instant litigation as a malicious attempt to extort money from the Defendants, when it was clear that liability was barred by statute or common law principles.

### COUNT I – Malicious Abuse of Process

65. Defendants incorporate all previous paragraphs as if fully stated herein.

66. In commencing this action and in prosecuting the action, including filing a Complaint based on a factual predicate that cannot legally sustain such a claim, Plaintiff failed to undertake a reasonable investigation of her allegations.

67. Plaintiff misused or is or was actively involved in misusing the legal process with

the primary motive to accomplish the illegitimate ends of intimidating, harassing and coercing money from Defendants, such wrongful conduct has caused and will continue to cause damages to Defendants, including the costs and attorney's fees that are expended in defending against Plaintiffs' frivolous claims.

68.   Plaintiff filed the complaint without a reasonable belief, founded on known facts established after a reasonable pre-filing investigation, that her claims were not barred by law or by common law principles.

## DEMAND FOR JURY TRIAL

69.   Defendants demand a trial by jury.

## IV. PRAYER FOR RELIEF

Defendants respectfully request:

A.   That Plaintiff take nothing by her claims;

B.   That Plaintiff's claims be dismissed with prejudice;

C.   That judgment be entered in favor of Defendants; and,

D.   The Court issue an award of compensatory damages in favor of Defendants/Counter-Plaintiffs in an amount to be proven at trial;

E.   The Court issue an award of punitive damages in favor of Defendants/Counter-Plaintiffs and such other legal or equitable relief as the Court may deem proper.

F.   That Defendants be awarded fees, costs, and all other relief to which they might demonstrate they are justly entitled.

Dated this 4th day of February, 2025.

                          Respectfully submitted,

                          The Law Office of Daniel A. Marquez

                          _____

                          Daniel A. Marquez
                          1308 Montana Ave., Ste. A
                          El Paso, TX 79902
                          (915) 270-9580
                          Fax (915)207-1930
                          dan@damlawoffice.com

## **<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on February 4th, 2025, I filed the foregoing via the CM/ECF causing all parties of record to be served electronically.

_____
Daniel A. Marquez