IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESSICA RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:25-cv-00015 |
| | § | |
| v. | § | |
| | § | |
| FIRTH BUNN KERR NEILL, PC; | § | |
| EDWARD DEVERE BUNN, JR.; and | § | |
| ALEXANDER V. NEILL, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Jessica Rodriguez files this Response to Defendants' Motion for Clarification of the Court's Ruling on Plaintiff's Motion to Compel and would show the Court as follows:

#### I. INTRODUCTION AND FACTUAL BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case brought by Plaintiff against Defendants Firth Bunn Kerr Neill, P.C. ("FBKN"), Edward Devere Bunn, Jr., and Alexander V. Neill after she worked as a paralegal at law firm FBKN from June 2021 to December 2022, and again from September 2023 to October 2024. Defendants failed to track Plaintiff's hours worked and failed to compensate Plaintiff for overtime hours in compliance with the FLSA.

Defendants have repeatedly refused to produce emails that would help demonstrate, in the absence of time records, that Plaintiff worked overtime hours and Defendants were aware of the hours worked. Plaintiff was forced to file a motion to compel, and on November 18, 2025, this Court held a hearing on that motion and ordered Defendants to produce the emails:

> Okay, here's my ruling. I do find those communications to be relevant. I'm going to order you to respond to that Request for Production. But you are able to, with Plaintiff's consent, whether or not there's consent or not, you're able to redact what you believe are privileged communications.

Defendants' counsel attempted to persuade the Court to limit the production to just a list of emails similar to the list Plaintiff produced, but the Court instead reiterated its Order to produce the emails:

> Let me – just produce the emails. I mean, emails are produced in litigation all the time. Whatever is responsive to Request For Production Number 17 that relate to work, because that's not – you're asking for all communications. I do think that's overly broad, so I'll sustain that objection.
>
> Here's the order. The Defense has to turn over emails related to work that fall within the ambit of Request For Production Number 17, and Defense is fully authorized to redact immunized, privileged, or protective material."

## II.  ARGUMENT AND AUTHORITIES

Plaintiff opposes Defendants' motion because there is nothing to clarify. As set forth in greater detail in Plaintiff's Motion for an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt and Motion for Sanctions (the "Contempt Motion") (Doc. 54), which is expressly incorporated herein by reference, Defendants understood that the Court's Order required them to produce the emails. Rather than complying with the Court's Order, Defendants chose to create a nearly unusable list of emails. This list spans 2,500 pages[1] and is almost entirely non-responsive, irrelevant, and useless. Contrary to Defendants' representation in their Motion for Clarification that their "production consist of over 50,000 email communications" (*see* Doc. 52 at 1, ¶ 4), Defendants have not produced a single email since the Court ordered production of emails.

---

[1] Excerpts are attached as Exhibit E to Plaintiff's sealing motion, which was filed in support of the Contempt Motion. These excerpts demonstrate that Defendants' 2,500 page list is almost entirely useless and Defendants have failed to comply with this Court's Order.

Defendants produced this list to further obfuscate and delay, causing further prejudice to Plaintiff, who cannot complete the depositions of Defendants Bunn or Neill until Defendants comply with the Court's November 18, 2025, Order. And Defendants' Motion for Clarification seeks the Court's ratification of Defendants' refusal to comply with this Court's Order.

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions, and the Court has inherent authority to impose sanctions and enforce its Orders through civil contempt.

### III. CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated herein and in the Contempt Motion, Plaintiff asks this Court deny Defendants' motion for clarification and to instead hold Defendants in contempt and impose appropriate sanctions for their willful refusal to comply with the Court's November 18, 2025, Order. Plaintiff's request for sanctions is more fully articulated in the Contempt Motion and the Proposed Order submitted therewith.

Plaintiff further requests all other relief to which she may be justly entitled.

Respectfully submitted,

CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880
Dallas, Texas 75251

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
972-863-9063 (tel)
972-692-5220 (fax)
chandler@chandlershavin.com
Daniel Alexander
Texas Bar No. 24110752
972-863-9063 (tel)
972-692-5220 (fax)
alexander@chandlershavin.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via the Court's ECF system on this the 5th day of December 2025.

/s/ *Corinna Chandler*
Corinna Chandler